UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

FASHION TELEVISION LLC,

        Plaintiff,

  -v-                                                                No.  17- CV-5413-LTS-SN

APT SATELLITE COMPANY LIMITED,

        Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiff Fashion Television LLC ("Plaintiff"), a New York-based company, alleges that Defendant APT Satellite Company Limited ("Defendant"), a Hong Kong-based satellite company, is engaging in contributory and vicarious trademark infringement by disseminating an allegedly infringing television channel called "Fashion TV" through its satellite.  (Compl., Docket Entry No. 1-1, ¶¶ 1-3.)  Defendant now moves to dismiss the action for lack of personal jurisdiction, forum non conveniens, and failure to state a claim for which relief can be granted, and seeks attorneys' fees pursuant to 15 U.S.C. section 1117(a) and 28 U.S.C. section 1927.  (Def.'s Mem. of Law in Supp. of Mot. to Consolidate and Dismiss, Docket Entry No. 9 ("Def.'s Mem.").)  Defendants also sought to consolidate the action with one filed by an affiliate of Plaintiff.  As explained in footnote 1 below, that aspect of the motion practice has been mooted by the voluntarily dismissal of the other action.

        This Court has federal question jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1441.

        The Court has reviewed the submissions of both parties carefully and, for following reasons, dismisses Plaintiff's complaint for lack of personal jurisdiction and denies

Plaintiff's motion for jurisdictional discovery.  The Court also denies Defendant's motion for attorneys' fees.

BACKGROUND

The following facts drawn from the Complaint are taken as true for purposes of the instant motion practice.  The Court will also consider facts drawn from the parties' evidentiary submissions, which are uncontroverted unless otherwise noted, insofar as they relate the Court's personal jurisdiction over Defendant and the request for attorneys' fees.  Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp. 175, 183 n.2 (S.D.N.Y. 1995) ("Both defendants and plaintiff have submitted affidavits and other documentation outside of the pleadings . . . . Because a Rule 12(b)(2) motion is inherently a matter requiring the resolution of factual issues outside of the pleadings all pertinent documentation submitted by the parties may be considered in deciding the motion.") (internal quotation marks, alterations, and citations omitted).

Plaintiff is a New York-based corporation with many international affiliates that collectively own a large portfolio of "Fashion Television" trademarks bearing the terms "Fashion Television" or "Fashion TV," which it acquired from Bell Media Inc. (formerly known as CHUM and CTV).  (Compl. ¶¶ 2, 8, 10, Exs. A and F.)  On June 19, 2017, six days before the filing of this action, for the purported purpose of consolidating ownership of the trademarks for litigation and enforcement, Michael Gleissner, as General Counsel for Plaintiff and five of its affiliates, purportedly assigned several foreign "Fashion Television" marks owned by Plaintiff's affiliates to Plaintiff.  (See Decl. of Gleissner, Docket Entry No. 22, ¶¶ 4-5) ("Gleissner Decl.").[1]

---

[1] On June 13, 2017, Fashion International Television LLC, one of Plaintiff's affiliates which is not a party to this action, registered with the New York State Division of Corporations.  (Def.'s Mem., pg. 2.)  On June 14, 201177, Plaintiff registered with the New York State Division of Corporations.  (Dowd Decl., Docket Entry No. 8, Exs. C, N.) On June 19, 2017, Fashion Television International LLC filed a complaint in New York Supreme Court against Defendant, which was removed to this district as Fashion TV

Defendant is a Hong Kong-based corporation that operates several in-orbit satellites. (Decl. of APT Satellite Co. Ltd.'s Co. Representative, Docket Entry No. 7, ¶ 4) ("Def.'s Decl.").) Defendant provides transponder, satellite telecommunications, and satellite television broadcasting and transmission services to broadcasters and telecommunications customers in "Asia, Europe, Africa, Australia, and certain Pacific islands." (Id.) Among United States Territories, Defendant's satellite footprint covers only Hawaii and Guam. (Id. at ¶ 9.) Defendant transmitted the allegedly infringing "Fashion TV" channel through its APSTAR-7 satellite. (Compl. ¶ 20.)

Defendant is not registered to do business in New York, nor is it registered with the New York Secretary of State. (Def.'s Decl. at ¶ 8.) Defendant does not maintain operations, offices, employees, bank accounts, property, or assets in New York. (Id.) Defendant's only other business in this country involves the provision of satellite services for transmission outside the U.S. on behalf of businesses in Delaware, Texas, and California. (Id. at ¶ 9.)

On December 10, 2002, Defendant contracted with Loral Orion, Inc. ("Loral"), a New York corporation with a principal place of business in New York, to jointly acquire the satellite "APSTAR-5." (Decl. of Roman Popov, Docket Entry No. 23, ¶¶ 3, 8, see generally

---

International LLC v. APT Satellite Company Limited, No. 17-CV-5501. (Dowd Decl., Ex. L; Notice of Removal, No. 17-CV-5501, Docket Entry No. 1.) On June 20, 2017, Plaintiff filed the current action in New York Supreme Court against Defendant, which removed the action to this Court on July 18, 2017. (Notice of Removal, Docket Entry No. 2.) Other than the names of the plaintiffs, the two state court complaints were identical. (Def.'s Mem., pg. 1, 3; see Compl.; see also Compl., No. 17-CV-5501, Docket Entry No. 1-1.). Both actions were timely removed to this Court. (Id.) On August 11, 2017, the complaint by Fashion Television International LLC, 17-CV-5501-LTS, was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which renders Defendant's motion to consolidate the two cases moot. (See Fashion TV International LLC v. APT Satellite Company Limited, 17-CV-05501-LTS, Docket Entry No. 8.)

Contract between Defendant and Loral, Docket Entry No. 23-1.) According to Articles 23 and 24 of the contract, any dispute between the parties would be adjudicated under New York law in Singapore. (Reply Decl. of APT Satellite Company Limited's Representative ("Def.'s Reply Decl."), Docket Entry No. 25, ¶ 14.) The transmissions alleged in the complaint relate only to the APSTAR-7 satellite; Tsang Chi Tat, Defendant's secretary, proffers that Loral sold its interest in APSTAR-5 to Telesat Canada in October of 2007. (Def.'s Reply Decl. ¶¶ 7, 8, 16; Compl. ¶ 20.) Defendant's only other contact with New York has been with a New York-based consulting firm, which has sporadically assisted Defendant with marketing and client relations in North America. (Def.'s Decl. ¶ 10.)

Prior to filing the instant action, Plaintiff's counsel, Roman A. Popov, Esq., sent a cease and desist letter to the Defendant, dated March 14, 2017. (Compl., Ex. D.) The letter alleged that one of Defendant's clients, the Austrian company Fashion Television Programmgesellschaft mbH, was disseminating a "Fashion TV" program through one of Defendant's satellites, APSTAR-7, in violation of several of Plaintiff's international marks. (Id.) Popov threatened legal action unless Defendant stopped disseminating the Austrian company's Fashion TV channel and took certain other steps. (Id.) The parties subsequently exchanged additional letters that express the same positions they assert in this litigation. (Compl., Exs. D, E, F.)

Defendant has submitted materials in support of its motion for fees, purporting to show bad faith on the part of Plaintiff and its attorney in litigating this action. Among these materials are news articles, including an article from the American Intellectual Property Law Association Newsstand, entitled "The Gleissner Files: investigation reveals massive scope of entrepreneur's global trademark and domain portfolio" with an extensive list of "company

names, domains and trademarks that appear to be linked to [Plaintiff's General Counsel,] Michael Gleissner;" domestic and international corporate registrations; details of domestic and international trademark registrations; two court decisions in cases involving Plaintiff's affiliates and/or predecessors-in-interest, which Defendant asserts collaterally estop Plaintiff from bringing this claim, Chum Ltd. v. Lisowski, No. 98-CV-5060(KMW), 2001 WL 243541 (S.D.N.Y. Mar. 12, 2001) and F.Tv Ltd. v. Bell Media, Inc., No. 14-CV-9856 (KBF), 2015 WL 2258301 (S.D.N.Y. May 14, 2015), and letters to the court regarding Plaintiff's request for a stay while Plaintiff negotiated with Fashion Television Programmgesellschaft mbH.[2] (See Dowd Decl., Docket Entry No. 8, Exs. O, P, Q, R, S; Pl.'s Letter Request for Stay, Docket Entry No. 14; Def.'s Letter Resp. in Opp'n to Mot., Docket Entry No. 15; Def.'s Post-Submission Letter, Docket Entry No. 27.) The Chum court found several terms, including "Fashion Television" and "Fashion TV," generic and the marks associated with them unenforceable. Chum, 2001 WL 243541, at *7-8; (Compl. Exs. E and F).

## DISCUSSION

A federal court applies the law of the forum state to determine whether exercising personal jurisdiction over an out-of-state defendant is proper. Fed. R. Civ. P. 4(k)(1)(A). To defeat a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff must make a prima facie showing that the court may exercise personal jurisdiction over the defendant. In re Ski Train Fire, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2015). If the exercise of personal jurisdiction is authorized under applicable state law, the Court "must then determine

---

[2]  Defendant argues that Mr. Popov's request for a 120-day stay while Plaintiff and the Austrian non-party entity negotiated is evidence that he attempted to "delay this bad-faith action to gain leverage in unrelated settlement discussions in violation of public policy," and thus warrants dismissal with prejudice and an award of attorneys' fees and related costs. (Def.'s Letter Resp. in Opp'n to Mot.).

whether asserting jurisdiction under that provision would be compatible with the requirements of due process established under the Fourteenth Amendment to the United States Constitution." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

Plaintiff asserts that this Court can exercise personal jurisdiction over Defendant pursuant to New York's long arm statute, which provides that a court may exercise specific personal jurisdiction over a non-domiciliary defendant "who in person or through an agent":

1. transacts business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i)   regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii)  expect or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

Plaintiff argues that this Court has specific personal jurisdiction over the Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1), asserting that, because Defendant contracted with Loral, a non-party entity with offices in New York, for use of Loral's satellite in connection with APT's transmission activities and because there was a New York choice of law provision in the APT-Loral contract, Defendant has had sufficient contact with New York.  (Pl.'s Opp'n at 2-4).  Plaintiff further asserts that its cause of action arises from the contract because the contract facilitates APT's satellite broadcasting activities, which include transmission of the "Fashion TV" program.  A court sitting in New York may exercise personal jurisdiction over a defendant who transacts business within the state pursuant to N.Y. C.P.L.R. section 302(a)(1) only if a

nexus exists between the business the defendant transacted in New York and the cause of action alleged in the complaint.  See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006).  Plaintiff's section 302(a)(1) argument is unavailing because Plaintiff was not a party to the contract between Loral and Defendant, and the cause of action asserted here arises, not from that contract, but from issues regarding content disseminated by Defendant to geographic areas outside of the Continental United States by a satellite that was not the subject of the contract upon which Plaintiff relies.  Cf. Swindell v. Florida E. Coast Ry. Co., 42 F. Supp. 2d 320, 324-25 (S.D.N.Y. 1999) (finding that a railroad worker's claims for unsafe working conditions in Florida did not arise out of the railroad's alleged operations and business transactions in New York and thus did not support the exercise of personal jurisdiction pursuant to N.Y. C.P.L.R. section 302(a)(1)).

Plaintiff also argues that this Court can exercise specific personal jurisdiction over the Defendants pursuant to N.Y. C.P.L.R. § 302(a)(3)(i), asserting that Defendant committed a tort outside the state and that Plaintiff, as a New York corporation, felt the effects in New York. (Pl.'s Opp'n Mem., pg. 4-6.)  This argument is also unavailing because, under the situs-of-injury test, the "original event" occurs "where the first effect of the tort that ultimately produced the final economic injury is located.  DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84-85 (2d Cir. 2001) (internal quotation marks and alterations omitted).  Although "[t]rademark infringement is a tort for jurisdictional purposes," Plaintiff's mere presence in New York is not sufficient for a finding of the requisite economic harm "in the form of lost sales or customers" within the state. Cf. Gucci America, Inc. v. Frontline Processing Corp., 721 F. Supp. 2d 228, 241-42 (S.D.N.Y. 2015) (finding that trademark infringement constitutes a tort for purposes of specific jurisdiction and concluding that allegations of the sale of infringing products to New York consumers

represented harm to a New York defendant within the state); see Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 568 (S.D.N.Y. 2000) ("Injury within the state includes harm to a business in the New York market in the form of lost sales or customers.").  Plaintiff has made no showing that the alleged primary infringement, which was committed by a non-party outside the United States, or the transmission of the allegedly infringing programing to other geographic areas, has had a harmful effect on Plaintiff's business in New York.  Therefore, Plaintiff has not made the requisite prima facie showing of personal jurisdiction.  Because the exercise of personal jurisdiction is improper under New York law, it is unnecessary to conduct a due process inquiry into the adequacy of Defendant's contacts with New York.  See Best Van Lines, Inc., 490 F.3d at 242.[3]

Plaintiff also seeks discovery in aid of establishing jurisdiction.  While it is within a district court's discretion to grant jurisdictional discovery, such discovery is inappropriate where – as here – the plaintiff has failed to make a prima facie showing of personal jurisdiction, and Plaintiff's request for discovery is denied.  See Best Van Lines, Inc., 490 F.3d at 255 ("[T]he district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction."); accord Jazini, 148 F.3d at 186.

Attorneys' Fees

15 U.S.C. § 1117(a), the Lanham Act

The Court now considers Defendant's request for attorneys' fees under the Lanham Act.  15 U.S.C. section 1117(a) authorizes the court to award attorneys' fees to the prevailing party in "exceptional" trademark cases.

---

[3]   Because Plaintiff as not made a prima facie showing that there is a proper basis for personal jurisdiction over Defendant, the Court need not address Defendant's additional forum non conveniens and merits arguments.

A "prevailing party" is a plaintiff or defendant that benefits from an "alteration in the legal relationship" with its adversary achieved through a mechanism with sufficient judicial imprimatur, such as judgment on the merits or a court-ordered consent decree. Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 605-606 (2001); see also CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1646 (2016) (finding that a defendant may qualify as a prevailing party).  In Dattner v. Conagra Foods, Inc., the Second Circuit stated that dismissal for forum non conveniens, which the court equated with lack of personal jurisdiction, did not render a defendant a prevailing party within the meaning of a fee-shifting statute because the decision was a procedural, rather than merits-based, disposition and because the legal relationship of the parties was not conclusively altered, in that the plaintiff could refile the claim in another venue. 458 F.3d 98, 103 (2d Cir. 2006).  The Supreme Court, in CRST Van Expedited, later clarified that a prevailing party need not have received a favorable decision on the merits, but could prevail on procedural grounds, which in that case included dismissal as a sanction, but reserved decision as to whether the prevailing party must obtain a preclusive judgment.  136 S. Ct. at 1650-53.

Following CRST Van Expedited, some courts have reasoned that dismissal for lack of personal jurisdiction does alter the legal relationship between the parties because such a dismissal forever bars the plaintiff from litigating its claim in the particular court.  See Megna v. Biocomp Labs., 225 F. Supp. 3d 222, 224-25 (S.D.N.Y. 2016) (dismissal for lack of personal jurisdiction altered the parties' legal relationship because it closed the court to the plaintiff); see also Direct Fitness Sols., LLC v. Direct Fitness Sols., LLC, No. 17 C 5316, 2017 WL 5526352, at *3 (N.D. Ill. Nov. 16, 2017) (finding that the defendant "achieved the 'enduring victory' of barring plaintiff from proceeding further on its claims in this venue").  This Court concludes,

however, that because the dismissal of Plaintiff's claims for lack of personal jurisdiction does not preclude Plaintiff from asserting its claim in a proper jurisdiction, the legal relationship between the parties has not been conclusively altered and Defendant is not a prevailing party within the meaning of the statute.  Cf. Dattner, 458 F.3d at 103 (stating that dismissal for forum non conveniens does not alter the legal relationship between the parties because the plaintiff remains free to bring the claim in the correct forum); see Beach Blitz Co. v. City of Miami Beach, No. 17-23958-CIV-UNGARO/O'SULLIVAN, 2018 U.S. Dist. LEXIS 136419, *6-9 (S.D. Fla. Aug. 10, 2018) (finding dismissal of claims without prejudice did not qualify defendants as prevailing parties pursuant to 42 U.S.C. section 1988 because such a dismissal did not preclude the re-filing of those claims against them); cf. Manhattan Review LLC v. Yun, No. 16-CV-0102 (LAK) (JCF), 2017 U.S. Dist. LEXIS 155508, at *11-15 (S.D.N.Y. Sep. 21, 2017), Report & Recommendation adopted No. 16-cv-0102 (LAK), Docket Entry No. 151 (S.D.N.Y. Nov. 20, 2017) (finding that, unlike the dismissal for forum non conveniens at issue in Dattner, dismissal based on collateral estoppel was effectively preclusive of plaintiffs' claims and thus defendants were prevailing parties).

  28 U.S.C. Section 1927

    The Court now turns to Defendant's request for an award of fees against Plaintiff's counsel, Mr. Popov.  28 U.S.C. section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the [C]ourt to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.S. § 1927 (LexisNexis 2014).  To impose a fee award pursuant to section 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by

improper purposes such as harassment or delay." Wynder v. McMahon, 565 F. App'x 11, 13 (2d Cir. 2014) (quoting Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000)) (internal quotation marks omitted). Bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) (quoting Keller v. Mobil Corp., 55 F.3d 94, 99 (2d Cir. 1995)). In light of its determination that proper grounds for the exercise of personal jurisdiction are lacking here, the Court has not addressed the merits of Plaintiff's claims. Under these circumstances, the Court is not in a position to determine whether Plaintiff's claims are utterly without color, and Defendants motion is denied to the extent it seeks attorneys' fees pursuant to 28 U.S.C. section 1927 or the inherent power of the Court.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is granted for lack of personal jurisdiction. Plaintiff's cross motion for jurisdictional discovery is denied. Furthermore, the Court denies Defendant's motion for attorneys' fees and related expenses pursuant to 15 U.S.C. § 1117(a), 28 U.S.C. § 1927, and the Court's inherent power. The Clerk of Court is directed to enter judgment dismissing this case for lack of personal jurisdiction and close this case.

This Memorandum Opinion and Order resolves Docket Entry No. 6.

SO ORDERED.

Dated: New York, New York
September 10, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge